UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM CURRY JR,<br><br>           Plaintiff,<br><br>    v.<br><br>ELENA M LOPEZ, JOHN SCOTT,<br><br>           Defendants. | CASE NO. C14-5876 RJB-KLS<br><br>ORDER TO FILE AN AMENDED COMPLAINT |

Mr. Curry's proposed complaint is before the Court for screening prior to service. Dkt. 1-1. The complaint has several defects and Mr. Curry will need to file an amended complaint. Mr. Curry has been a resident of the Washington State Special Commitment Center since February 11, 2009, is being detained pursuant to an order from a Superior Court Judge, and is a "pre trial detainee." Dkt. 1-1 proposed complaint p. 1. Mr. Curry's 28 page Complaint contains arguments, rambling conclusions and accusations against the two named defendants with little to no supporting facts. *Id*. Mr. Curry's complaint does not comport with Fed. R. Civ. P. 8(a) and is not a clear, short and plain statement of the case. Fed. R. Civ. P. 8(a) states:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The undersigned finds the following defects that Mr. Curry will need to cure in an amended complaint. Mr. Curry complains about his placement in a high level security area of the facility, but he provides no facts stating why he was moved to that area of the facility, who ordered his placement in the higher security area, or when he was moved. Dkt. 1-1. "The Court will find a condition of confinement unconstitutional where plaintiffs can satisfy both the objective and subjective prerequisites for a finding of liability. The objective analysis consists of determining whether the condition amounts to 'punishment,' because the Constitution prohibits punishment of criminal defendants [pre trial detainees] without due process. *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861, 1871–72, 60 L.Ed.2d 447 (1979). A restriction or condition constitutes punishment where it does not appear 'reasonably related to a legitimate governmental objective.' *Id*. at 539." *Jones v City and County of San Francisco*, 976 F. Supp. 896, 906 (N.D. Cal 1997). Plaintiff needs to supply facts showing that his placement amounts to punishment and that his placement is not related to legitimate government goals. A court may not liberally interpret the complaint and supply missing facts. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Mr. Curry also complains about his access to court and states that he does not have access to his computer while he is in the higher custody area. But, Mr. Curry does not identify any action where he has suffered an actual injury and instead simply states that defendants' actions interfered with his defense in a civil matter. Dkt. 1-1, proposed Complaint, p. 10. A person claiming a denial of access to courts must show actual injury. In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court held that a plaintiff must show some actual injury resulting from a denial of access to courts in order to allege a constitutional violation. *Id.* at 349. An

actual injury consists of some specific instance in which plaintiff was actually denied meaningful access to the courts.  *Lewis*, 518 U.S. at 350–55 (1996).  Mr. Curry will need to provide greater detail to support this potential claim.

Mr. Curry alleges retaliation but provides no facts showing that he was engaged in protected activity and that any adverse action was taken by a named defendant because of the protected activity.  To succeed on a retaliation claim a plaintiff must show: (1) a defendant took some adverse action against him; (2) because of (3) the protected conduct and that this action (4) chilled the exercise of plaintiff's First Amendment rights and (5) did not reasonably advance a legitimate correctional goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  Again, plaintiff will need to provide greater detail.

Mr. Curry alleges a conspiracy pursuant to 42 U.S.C. §1985 to deny him his civil rights and he alleges that he belongs to a minority.  Dkt. 1-1, proposed Complaint. p. 7.  In order to properly state "a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." *Gillespie v. Civiletti,* 629 F.2d 637, 641 (9th Cir. 1980) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)); *see also Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) "The language requiring intent to deprive of equal protection . . . means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 102; *see also RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002); *Butler v. Elle*, 281 F.3d 1014, 1028 (9th Cir. 2002) (per curiam); *Sever*, 978 F.2d at 1536.  Plaintiff has failed to plead facts to support this claim and will need to provide greater detail in an amended complaint.

1    Mr. Curry alleges a failure to protect him from harm and hints that there may have been

2 an altercation between him and another resident, Mr. Robinson.  Mr. Robinson is identified on

3 page 11 of the proposed Complaint.  Dkt. 1-1, p. 11.  Later in the proposed Complaint Mr. Curry

4 states that he was in fear that the other offender might try "to start another fight."  Dkt. 1-1,

5 proposed Complaint p. 25.  To state a claim for failure to protect Mr. Curry must satisfy two

6 requirements:

> First, the deprivation alleged must be, objectively, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  For a claim based on a failure to prevent harm, the inmate must show incarceration under conditions posing a substantial risk of serious harm. *Id*.  Second, "[t]o violate the Cruel and Unusual Punishment Clause, a prison official must have a 'sufficiently culpable state of mind' … [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." *Id*. (citations omitted).  The prison official will be liable only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

13 Plaintiff needs to supply greater detail and facts to support his claim and show that a named

14 defendant has been deliberately indifferent to his safety.

15    Mr. Curry refers to his detention at the Special Commitment Center as "unlawful

16 detention."  Dkt. 1-1 p. 17.  Mr. Curry may not challenge the propriety of his detention in these

17 proceedings, but he may challenge his conditions of confinement.  The sole federal remedy if

18 Mr. Curry is alleging that his detention is unconstitutional is a writ of habeas corpus.  *Preiser v.*

19 *Rodriguez*, 411 U.S. 475, 500 (1973).

20    The United States Supreme Court held that "[e]ven a prisoner who has fully exhausted

21 available state remedies has no cause of action under § 1983 unless and until the conviction or

22 sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas

23 corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  The Court added:

24

ORDER TO FILE AN AMENDED COMPLAINT - 4

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

*Id*. at 489.  "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.'  *Id*.  If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983."  *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (*quoting Edwards v. Balisok*, 520 U.S. 641 (1997)).  Mr. Curry may not challenge his civil commitment or placement at the Special Commitment Center in a civil rights action.

Accordingly the undersigned orders:

1. Mr. Curry is ordered to file a first amended complaint providing facts as described above and eliminating the unnecessary legal arguments that are in his original complaint.  Plaintiff needs to title the amended complaint as his "First Amended Complaint."

2. This complaint will act as a complete substitute for the original and not as a supplement.

3. Mr. Curry has until November 28, 2014, to file his amended complaint.  If Mr. Curry does not file an amended complaint the undersigned will recommend dismissal of this action for failure to prosecute.

4. Failure to file an amended complaint that cures the defects in the original may result in the undersigned filing a Report and Recommendation that this action be dismissed for failure to comply with a court order.

**DATED** this 10th day of November, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER TO FILE AN AMENDED COMPLAINT - 5