1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11    WILLIAM CURRY JR,                          CASE NO. 3:14-CV-05876-RJB-DWC

              Plaintiff,                          ORDER ON REPORT AND
12                                                RECOMMENDATION

13        v.

14    ELENA M LOPEZ, JOHN SCOTT,
      JOHN ROCKWELL, RICHARD
15    STEINBACH,

                              Defendants.
16

17        This matter comes before the Court on the Report and Recommendation of U.S.

18    Magistrate Judge David W. Christel.  Dkt. 43.  The Court has considered the pleadings filed

19    regarding the Report and Recommendation and the remaining file.

20        In this 42 U.S.C. § 1983 case, Plaintiff, a *pro se* prisoner, alleges his First and Fourteenth

21    Amendment rights were violated as a result of (1) being placed in the intensive management unit

22    ("IMU"); (2) Defendants' response to Plaintiff's grievances; and (3) searches of Plaintiff's room.

23    Dkt 9.

24

ORDER ON REPORT AND
RECOMMENDATION- 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

## I.     FACTS

The background facts and procedural history are in the Report and Recommendation (Dkt. 43, at 2, 4-5, 11-12, 15) and are adopted here.

The Report and Recommendation recommends that the Court grant Defendants' motion for summary judgment (Dkt. 27) and this case be closed. Dkt. 43.  Plaintiff filed objections to the Report and Recommendation on January 22, 2016. Dkt. 44.  Defendants responded to those objections on February 11, 2016. Dkt. 45.

## II.     DISCUSSION

### A.  REPORT AND RECOMMENDATION

The Report and Recommendation recommends that Plaintiff's claims relating to his IMU placement, grievances, and room searches be dismissed. Dkt. 43.

1.  *IMU Placement*

Plaintiff alleges his rights to due process, equal protection, and access to the courts were violated as a result of being placed in IMU after engaging in physical altercations with other residents. Dkt. 9.

Plaintiff argues that he was placed in IMU without an infraction hearing and without being provided all paper work and e-mails regarding his placement, in violation of his due process rights. Dkt. 9, at ¶ 32.  The due process protections of the Fourteenth Amendment "apply only when a constitutionally protected liberty or property interest is at stake." *Tellis v. Godinez,* 5 F.3d 1314, 1316 (9th Cir. 1993). In the event of administrative segregation, which does not in and of itself implicate a protected liberty interest, the question is whether that segregation imposes an "atypical and significant hardship." *See Sandin v. Conner*, 515 U.S. 472, 483-86 (1995). Plaintiff

1  has only alleged that he did not have access to all of his belongings, which does not amount to an

2  "atypical and significant hardship." *See* Dkt. 9.

3      As stated in the Report and Recommendation, even if Plaintiff's IMU housing implicated

4  a protected liberty interest, an informal, nonadversarial evidentiary hearing is sufficient to satisfy

5  due process when an inmate poses a security threat or an investigation is pending. Dkt. 43 (*citing*

6  *Hewitt v. Helms,* 459 U.S. 460, 476 (1983), *abrogated in part on other grounds by Sandin,* 515

7  U.S. 472). "An inmate must merely receive some notice of the charges against him and an

8  opportunity to present his views to the prison official charged with deciding whether to transfer

9  him." *Id.* Defendants Steinbach and Rockwell reviewed the evidence and met with Plaintiff after

10  the physical altercations. Dkt. 29-1. The evidence shows that Plaintiff had notice and an

11  opportunity to be heard. The Report and Recommendation should be adopted, and summary

12  judgment should be granted in favor of Defendants regarding Plaintiff's due process claims.

13      Plaintiff alleges his equal protection rights were violated because he was treated

14  differently from other residents who were allowed to have their property after a violation. Dkt. 9,

15  at ¶ 37.  To bring a successful equal protection claim under § 1983, the plaintiff has to show

16  differential treatment from a similarly situated class and "intentional or purposeful

17  discrimination." *Draper v. Rhay*, 315 F.2d 193, 198 (9th Cir. 1963).  The Report and

18  Recommendation properly points out that Plaintiff has not alleged any facts showing that he was

19  treated differently from other IMU residents, and he has not alleged any facts that would imply a

20  discriminatory intent or purpose. *See* Dkt. 9. Plaintiff has failed to state an equal protection

21  claim. This claim should be dismissed, as recommended in the Report and Recommendation.

22      Plaintiff argues that he was denied access to the courts because he was not allowed to

23  have his personal computer and other property while he was in IMU. Dkt. 9, at ¶ 33.  Inmates do

24

ORDER ON REPORT AND
RECOMMENDATION- 3

have a fundamental right of access to the courts, but the prisoner must show some actual injury resulting from a denial of access, such as inability to meet a filing deadline or present a claim. *Lewis v. Casey*, 518 U.S. 343, 348-9 (1996). As noted in the Report and Recommendation (Dkt. 43), Plaintiff not only had access to pencils, paper, and legal computers (Dkt. 36; Dkt. 29) but he has not alleged any actual injury in his complaint. *See* Dkt. 9.  The Report and Recommendation's suggestion that summary judgment should be granted in favor of Defendants regarding Plaintiff's access to the courts claim should be adopted.

2.  *Grievances*

Plaintiff alleges Defendants failed to protect him after he filed his grievances.  Dkt. 9. This allegation implicates Plaintiff's Fourteenth Amendment rights to reasonably safe conditions of confinement. *See Youngberg v. Romeo,* 457 U.S. 307, 219-22 (1982). These rights are comparable to prisoners' rights under the Eight Amendment, and the same standards apply. *Frost v Agnos,* 152 F.3d 1124,1128 (9th Cir. 1998); *Hydrick v. Hunter*, 500 F.3d 978, 994 (9th Cir. 2007), *vacated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009.

In cases alleging a failure to prevent harm, the plaintiff must show "he is incarcerated under conditions posing a substantial risk of serious harm." *See Clouthier v. County of Contra Costa,* 591 F.3d 1232, 1242 (9th Cir. 2010).  The plaintiff must further show that prison officials acted with deliberate indifference to inmate health or safety. *See Farmer v. Brennan,* 511 U.S. 825 (1994).  As properly stated in the Report and Recommendation (Dkt. 43), the evidence shows that Plaintiff was the aggressor during both physical altercations, and that Defendants took steps after each altercation to keep Plaintiff away from the other resident involved. *See* Dkt. 29-1. Additionally, Plaintiff's grievances were vague, and he refused to identify anyone by name when Defendant Steinbach inquired about offending residents and/or staff. *See Id*. The evidence

1    does not indicate that Plaintiff faced unreasonably dangerous conditions or that Defendants

2    disregarded a risk to Plaintiff's safety. Summary judgment should be granted in favor of

3    Defendants regarding Plaintiff's failure to protect claim, as recommended by the Report and

4    Recommendation.

5         The Report and Recommendation notes that Plaintiff has no constitutional right to a

6    specific prison grievance procedure, citing *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir. 1988).

7    Dkt. 43, at 14.  So, to the extent that Plaintiff is claiming that his rights were violated due to the

8    way grievances are processed or because his grievances were not responded to in a certain

9    manner, that claim must be dismissed.

10        3.   *Room Searches*

11        Plaintiff alleges that Defendants retaliated against Plaintiff for exercising his First

12   Amendment rights by failing to conduct proper investigations into anonymous letters claiming

13   that Plaintiff had weapons and by conducting searches of Plaintiff's room. Dkt. 9. In order to

14   establish a claim of retaliation for engaging in speech protected under the First Amendment, an

15   inmate must show: (1) a state actor took adverse action against the inmate; (2) because the

16   inmate engaged in constitutionally protected conduct; (3) the adverse action chilled the inmate's

17   exercise of First Amendment rights; and (4) the adverse action did not reasonably advance a

18   legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 558, 567-68 (9th Cir. 2005).

19        As provided in the Report and Recommendation (Dkt. 43), the evidence shows that

20   Defendants responded to letters indicating Plaintiff would kill other residents, and that a crochet

21   needle and other contraband was confiscated from Plaintiff's room. Dkt. 29-1. There is no

22   evidence that Defendants conducted investigations or performed searches because Plaintiff

23   participated in legally protected conduct, and Plaintiff has alleged no chilling effect on his

24

ORDER ON REPORT AND
RECOMMENDATION- 5

1   speech. *See* Dkt. 9. The Report and Recommendation's recommendation that summary judgment

2   should be granted in favor of Defendants regarding Plaintiff's retaliation claim should be

3   adopted.

4          The Report and Recommendation notes, "inmates do not have a liberty interest in having

5   investigations conducted to their satisfaction." Dkt. 43 (*quoting Campbell v. Thaler,* 2012 WL

6   32959, at *4 (E.D. Tex. Jan. 6, 2012)). To the extent Plaintiff makes any claim against

7   Defendants for failing to determine who sent the letters, that claim must fail.

8          **B.  PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION**

9          Plaintiff filed several pages of objections to the Report and Recommendation that largely

10  echo arguments raised in the initial pleadings. Dkt. 44.  His objections do not provide a basis to

11  reject the Report and Recommendation.

12         Plaintiff again argues that he was treated unfairly because his grievances were not

13  investigated to his satisfaction and because he was not allowed hearings regarding placement in

14  IMU. Dkt 44, at ¶ 1-3, 5. Concerning the grievances, the Report and Recommendation properly

15  points out that Plaintiff failed to present evidence of a substantial risk of serious harm or that

16  Defendants were deliberately indifferent toward Plaintiff's health and safety. Dkt. 43, at 13-14.

17  Similarly, the Report and Recommendation highlights that Plaintiff never alleged a significant

18  hardship as a result of IMU placement, and that the informal evidentiary hearings conducted by

19  Defendants were constitutionally sufficient. Dkt. 43, at 6-7.

20         Plaintiff's argument that has was not treated equally (Dkt. 44, at ¶ 4) is addressed in the

21  Report and Recommendation. Dkt. 43, at 8-9.

22         Without reference to any particular claim, Plaintiff argues that the affidavits he provided

23  establish genuine issues of material fact. Dkt. 44, at ¶ 6. Those affidavits again reiterate his

24

ORDER ON REPORT AND
RECOMMENDATION- 6

1   contention that residents send fabricated notes to SCC officials, and that SCC officials conduct

2   room searches without investigating those notes. Dkt. 37-41. As discussed in the Report and

3   Recommendation, Plaintiff is not entitled to investigations conducted to his satisfaction. Dkt. 43,

4   at 17.

5        Plaintiff argues that Defendants violated Plaintiff's procedural due process rights by not

6   following procedures set forth in SCC's Policies, and that such a violation indicates a conspiracy

7   against Plaintiff, which is a factual issue for a jury to decide. Dkt. 44, at ¶ 7. Plaintiff makes

8   similar claims in his complaint, but at no time does he indicate which SCC Policies have been

9   violated. *See* Dkt. 9. The Report and Recommendation addresses Plaintiff's due process rights

10   with regard to his placement in IMU and the conditions of his confinement. Dkt. 43, at 5-8, 12-

11   14. In both instances, the Report and Recommendation properly points out that the evidence

12   suggests that there was no violation of Plaintiff's due process rights.

13        Plaintiff has failed to show that the Report and Recommendation should not be adopted.

14   Defendants' motion for summary judgment should be granted and the case dismissed.

15   **C.  DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS**

16        In Defendants' Response to Plaintiff's Objections to Magistrate's Report and

17   Recommendation, Defendants urge this Court to adopt the Report and Recommendation because

18   Plaintiff has neither presented any new arguments nor has made any showing that the Magistrate

19   incorrectly applied the law. Dkt. 45, at 1. Defendants also assert that Plaintiff's objections do not

20   contradict the record already presented to this Court. Dkt. 45, at 2. Defendants' arguments are

21   warranted. As discussed in the previous section, *see infra,* § C, Plaintiff has not provided any

22   basis to reject adoption of the Report and Recommendation.  Defendants' motion for summary

23   judgment should be granted and the case dismissed.

24

1

### III.   ORDER

2    It is **ORDERED** that:

3    - The Report and Recommendation (Dkt. 43) **IS ADOPTED**;

4    - Defendants' Motion for Summary Judgment (Dkt. 27) **IS GRANTED**;

5    - Plaintiff's claims **ARE DISMISSED**; and

6    - This case **IS CLOSED**.

7    The Clerk is directed to send uncertified copies of this Order to U.S. Magistrate Judge

8    David W. Christel, all counsel of record and to any party appearing *pro se* at said party's last

9    known address.

10   Dated this 18th day of February, 2016.

11

12

13   ROBERT J. BRYAN
     United States District Judge

14

15

16

17

18

19

20

21

22

23

24

ORDER ON REPORT AND
RECOMMENDATION- 8